[Downey *v.* Gerrard.]

# Downey *versus* Gerrard.

1. An attorney, by the mere act of purchasing stock sold on his client's judgment, does not thereby make himself his client's trustee, for the client may decline the relation.

2. Where an attorney purchases on his client's judgment, he puts himself in the way of being made a trustee at his client's election.

3. Election by a client to make his attorney, who has purchased defendant's property on his execution, his trustee is a mode of contract, and must take place between the parties.

ERROR to the Court of Common Pleas of *Greene County.*

The facts fully appear in the opinion of the court, delivered January 10, 1857, by

LOWRIE, J.—It is quite vexatious, that many counsel give no kind of attention to the rule of court relative to the form of paper books. Very often we are not told even the form of the action, and have not a line of the record or pleadings given to us; and surely it must be apparent to those who take the trouble to think about it, that, under such circumstances, we run great risk of misunderstanding the case presented.

When this case was here before, 24 State R. 52, we undertook to guess what was the form of the action; and as we were not familiar with any practice that recognized equitable plaintiffs and assignees in actions of tort, the style of the suit may have furnished one of the reasons why we guessed that it was an action of assumpsit, and treated it accordingly. We could not suppose that the plaintiff, Gerrard, had brought an action as assignee of a tort done to Clymer; but as assignee of the stock. He might have sued for the wrong done to himself by the conversion of it, and describing himself as assignee is mere surplusage. But finding that the court had allowed the style of the action to be amended so as to make Clymer plaintiff for the use of Gerrard, we could not suppose that it was Gerrard, but Clymer, that had been injured, and then it was natural to suppose that the action was in assumpsit for breach of the implied contract to convey the stock to Clymer, if he should elect to take it; and we decided that on such a contract suit must be brought within six years after its implication arose, even as against an attorney at law. Starting thus with the case, we left out the demand of the stock by Gerrard and the refusal of it by Downey, for that did not tend to make out a new promise within six years. But it seems that our guess was wrong; and we are therefore warned against another venture in this, and especially against founding any guess on the maxim *omnia præ sumuntur rite acta esse.*

The most favorable presumption that we can make, in rela-

tion to the manner in which this cause was tried, is that the counsel did not consider that the justice of the case stood in any need of the ordinary forms and tests of judicial procedure, and thought that this court might get at the justice of the case without any of those tests. Our present paper books tell us now that Gerrard, not Clymer, is the plaintiff, and that the action is CASE. They tell us also that one count of the declaration charges that, "the defendant took upon himself to collect two judgments which the plaintiff held against one Lot Lentz, and that he bought ten shares of bank stock which had been levied on and sold upon process issued on said judgments, and that he refused upon request to convey them to the plaintiff. The other count is in trover for the stock. The defendant pleads *non cul.—non cul. infra sex annos.*" On the trial both pleas were found for the plaintiff. This is all that we are told about the pleadings and the parties to them. The verdict therefore shows that the defendant had committed a wrong against the plaintiff, Gerrard, by misapplying or wrongfully converting his bank stock; and it is assigned for error here that the court ought to have declared the claim barred by the statute of limitations, and did not.

This therefore refers us to the evidence. We think it very plain that Downey did not by the mere act of purchasing the stock become the trustee of his client Clymer, for Clymer might decline the relation. He put himself in the position of being made trustee at Clymer's election. But election is a mode of contracting, and therefore must take place between the parties. We do not discover anything like such an election by Clymer, or that any wrong was ever done to him. But he assigned the stock to Gerrard on the 23d March, 1848, and thus the right of election passed to Gerrard. He elected to take the stock by demanding it from Downey, in the same year, and offering to pay him his liens upon it, and this was refused. This demand was made within six years, and without any previous notice for a more speedy election, and it seems to us that this was an election that made Gerrard the equitable owner of the stock, as against Downey, and that by refusing to transfer it, Downey did a wrong to Gerrard for which he is entitled to redress in some form of action, and this form is not objected to. Regarding this as the wrong sued for, and inferring that this is the intention of both counts, there can be no pretence of defeating it by the plea *non cul. infra sex annos;* for the wrong was done in 1848, and the suit brought in 1850. Though the paper books have not enabled us to treat the case as it was by the court below, yet we have arrived at the same result: that the statute of limitations is no bar to the plaintiff's claim.

Judgment affirmed.